# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Samuel Der-Yeghiayan | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 343 | **DATE** | 1/26/2012 |
| **CASE TITLE** | Jesse Blake (#1798114) vs. Cook County Jail | | |

**DOCKET ENTRY TEXT**

For the reasons stated below, Plaintiff has not alleged sufficient facts to plausibly suggest a valid claim for relief, the instant action is dismissed. All pending dates and motions are hereby stricken as moot. Civil case terminated.

■[ For further details see text below.]   Docketing to mail notices.

## STATEMENT

This matter is before the court on Plaintiff Jesse Blake's (Blake) motion for leave to proceed *in forma pauperis*. Pursuant to 28 U.S.C. § 1915, "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted. . . ." *Id.*

Since Blake is proceeding *pro se*, the court has liberally construed his *pro se* complaint. Blake indicates in his complaint that he is bringing an action pursuant to 42 U.S.C. § 1983. However, Blake makes only general and conclusory references to "negligence," violations of civil rights, and "pain and suffering." (Compl. 4). Blake makes broad assertions concerning other individuals, contending that he was harmed by "the STD Doctors that caused pain and suffering to an uncountable number of persons incarcerated during the year of 2001-2003 of [his] incarceration." (Compl. 4). Blake also contends that he has heard that there "was a class action lawsuit," and that he was unaware of it until recently. (Compl. 4). Blake does not include in his complaint facts concerning his alleged injury or state when his alleged injury occurred. Even if Blake had alleged facts concerning his alleged injury, to the extent that Blake is contending that such an injury occurred from 2001 to 2003, such a claim would be time-barred at this juncture, and Blake has not

**STATEMENT**

provided any justification for an untimely filing nearly ten years after the alleged conduct. *See Brooks v. City of Chicago*, 564 F.3d 830, 831 (7th Cir. 2009)(stating that the "statute of limitations for § 1983 claims in Illinois is two years"). Therefore, since Blake has not alleged sufficient facts to plausibly suggest a valid claim for relief, the instant action is dismissed.